UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:07-CV-1161 (CEJ) |
| ) | |
| SETH PASKON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to strike, pursuant to Fed.R.Civ.P. 12(f), from the second amended complaint all language that is immaterial, impertinent or scandalous. Plaintiff has filed a response in opposition to the motion.

Plaintiff alleges that defendant Seth Paskon issued prescriptions for narcotic medications that were medically unnecessary and that claims for the drugs and professional encounters associated with these prescriptions were wrongfully presented to the Medicaid program for payment. In this action pursuant to the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, and the Controlled Substances Act, 21 U.S.C. §§ 842 *et seq.*, plaintiff seeks restitution to the Medicaid program, civil monetary penalties, and an injunction against future violations.

**Discussion**

Under Fed.R.Civ.P. 12(f), a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike on this

basis are not favored and are infrequently granted, because they propose a drastic remedy. Southwestern Bell Telephone, L.P. v. Missouri Public Service Comm'n 461 F.Supp.2d 1055, 1064 (E.D. Mo. 2006), citing Stanbury Law Firm v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000). There is general judicial agreement that motions to strike should be denied "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1382.

Defendant asks the Court to strike as irrelevant to plaintiff's claims: (1) allegations that defendant submitted false Medicaid provider applications, Second Am. Compt., ¶¶ 14-17 [Doc. #20]; (2) assertions regarding defendant's history with the Missouri State Board of Registration for the Healing Arts, Id., ¶¶ 18-20; (3) defendant's history with the Missouri Medicaid program, Id., ¶¶ 21-23.

In order to establish a violation of the False Claims Act, plaintiff must show that defendant "knowingly" submitted medically unnecessary claims to the Medicaid program. 31 U.S.C. § 3729(a). The statute defines "knowingly" as having actual knowledge of the information, acting in deliberate ignorance of the truth or falsity of the information; or acting in reckless disregard of the truth or falsity of the information. § 3729(b). No proof of specific intent to defraud is required. § 3729(c). Plaintiff argues that

the information regarding defendant's prior history of problems with the Missouri Board of Healing Arts and Missouri Medicaid program is relevant to establishing that defendant was on notice that various authorities were concerned about his prescribing practices. Defendant also asks the Court to strike allegations regarding the deaths of seven patients, Second Am. Compt. ¶¶ 30-37, and the arrest of one of one of his patients for child endangerment, Id. ¶ 42. Plaintiff contends that information regarding consequences to defendant's patients is relevant to determining the scope of any injunctive relief.

Defendant has not established that the challenged allegations have no relation or logical connection to the subject matter of the controversy.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to strike [Doc. #21] is **denied**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of March, 2008.